1  **CANDIS MITCHELL**
   California Bar No. 242797
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California 92101-5008
   Telephone: (619) 234-8467
4  Candis_Mitchell@fd.org

5
   Attorneys for Mr. Francisco Javier Contreras
6

7

8
                             UNITED STATES DISTRICT COURT
9
                           SOUTHERN DISTRICT OF CALIFORNIA
10
                             **(HONORABLE ROGER T. BENITEZ)**
11

| | | |
|---|---|---|
| 12  UNITED STATES OF AMERICA, | ) | CASE NO.: 08CR2260-BEN |
|     | ) | |
| 13  Plaintiff, | ) | DATE: SEPTEMBER 15, 2008 |
|     | ) | TIME: 2:00 P.M. |
| 14  | ) | |
|     v. | ) | |
| 15  | ) | **NOTICE OF MOTIONS AND MOTIONS** |
|     **FRANCISCO JAVIER CONTRERAS**, | ) | **TO:** |
| 16  | ) | |
|     Defendant. | ) | 1) COMPEL DISCOVERY; |
| 17  | ) | 2) DISMISS INDICTMENT FOR FAILURE |
|     | ) | TO ALLEGE ESSENTIAL ELEMENTS |
| 18  | ) | OF THE OFFENSE; AND, |
|     | ) | 3) GRANT LEAVE TO FILE FURTHER |
| 19  | ) | MOTIONS. |
|     | ) | |
| 20  | ) | |
|     | ) | |
| 21  _____ | ) | |

22

23  TO:   KAREN P. HEWITT, INTERIM UNITED STATES ATTORNEY, AND
         PAUL COOK, ASSISTANT UNITED STATES ATTORNEY:
24

25      PLEASE TAKE NOTICE that on September 15, 2008, at 2:00 p.m., or as soon thereafter as counsel

26  may be heard, defendant, Francisco Javier Contreras, by and through his attorneys, Candis Mitchell and

27  Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

28  //

## **MOTIONS**

Defendant, Francisco Javier Contreras, by and through his attorneys, Candis Mitchell and Federal Defenders of San Diego, Inc., asks this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order to:

(1)     Compel Discovery;

(2)     Dismiss Indictment for Failure to Allege Essential Elements of the Offense;

(3)     Grant Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

                                                       Respectfully submitted,

Dated: August 11, 2008                    *s/ Candis Mitchell*
                                                **CANDIS MITCHELL**
                                                Federal Defenders of San Diego, Inc.
                                                Attorneys for Mr. Contreras
                                                Candis_Mitchell@fd.org

**CANDIS MITCHELL**
California Bar No. 242797
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Candis_Mitchell@fd.org


Attorneys for Mr. Francisco Javier Contreras

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE ROGER T. BENITEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 08CR2260-BEN |
| Plaintiff, | DATE: SEPTEMBER 15, 2008 |
| | TIME: 2:00 P.M. |
| v. | |
| **FRANCISCO JAVIER CONTRERAS**, | **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS** |
| Defendant. | |

**I.**

**STATEMENT OF FACTS[1]**

**A.   Arrest**

On May 1, 2008, Border Patrol Agent Gregory Elliot was performing line watch duties eight miles west of the Calexico Port of Entry. Agent Elliot arrested Mr. Contreras. It is alleged that Mr. Contreras made statements in the field admitting that he was a citizen of Mexico with no immigration documents that would allow him to legally enter the United States. Mr. Contreras was transported to the El Centro Border Patrol Station.

//

---

1. The following is based primarily upon information supplied through Government discovery. Mr. Contreras does not stipulate to its accuracy and reserves the right to challenge it at future proceedings.

1  **B.     <u>Interrogation</u>**

2  Following his arrest, Mr. Contreras was questioned twice regarding the instant offense. The first

3  time was at 2:25 a.m. During that interview, Mr. Contreras invoked his constitutional rights not to discuss

4  his involvement in this case. The second interview occurred at 5:59 a.m. Mr. Contreras again invoked his

5  constitutional rights not to make any statements.

6  **C.     <u>Indictment</u>**

7  On July 9, 2008, an indictment was handed down charging Mr. Contreras with violating 8 U.S.C.

8  §1326 (a) and (b), deported alien attempting to enter the United States who had been removed subsequent

9  to January 21, 2005.

10  These motions follow.

11  **II.**

12  **<u>MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE</u>**

13  Mr. Contreras moves for the production of the following discovery. This request is not limited to

14  those items that the prosecutor knows of, but rather includes all discovery listed below that is in the

15  custody, control, care, or knowledge of any "closely related investigative [or other] agencies." <u>See</u>

16  <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir. 1989).

17  Mr. Contreras respectfully requests that the Government be ordered to produce discovery because

18  Mr. Contreras has reason to believe that he has not received all the discoverable material in his case.

19  Mr. Contreras **specifically requests production of a copy of the taped proceedings and any and all**

20  **documents memorializing the deportation proceeding allegedly held subsequent to January 21, 2005,**

21  **and any other proceedings that the Government intends to rely upon at trial**. This request includes

22  discovery of materials known to the Government attorney, as well as discovery of materials which the

23  Government attorney may become aware of through the exercise of due diligence. <u>See</u> FED. R. CRIM. P.

24  16.

25  Mr. Contreras additionally requests that the Court order the Government to allow him the

26  opportunity to review his A-file in its entirety. First, the A-file contains documentation concerning his

27  alleged deportation. Part of Mr. Contreras defense may be that his underlying deportation was invalid.

28  Second, the Government will likely try to show at trial that a government officer searched the A-file and

did not find an application by Mr. Contreras for permission to enter the United States. Mr. Contreras should be able to review his A-file in order to see whether any application for lawful admission exists. Moreover, Mr. Contreras should also be able to verify whether other documents that would ordinarily be in the A-file are "non-existent," or otherwise missing from his A-file. Mr. Contreras may assert a defense that his application for lawful entry was lost or otherwise misplaced by the Government. He must be allowed the opportunity to review his A-file and the manner in which it is being maintained by the Government in order to present this defense. **A proposed order is attached for the court's convenience.**

In addition, Mr. Contreras moves for the production of the following discovery:

1. **Mr. Contreras's Statements.** The Government must disclose to Mr. Contreras all copies of any written or recorded statements made by Mr. Contreras; the substance of any statements made by Mr. Contreras which the Government intends to offer in evidence at trial; any response by Mr. Contreras to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of Mr. Contreras's oral statements contained in the handwritten notes of the Government agent; any response to any Miranda warnings which may have been given to Mr. Contreras; as well as any other statements attributed to Mr. Contreras. FED. R. CRIM. P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all Mr. Contreras's statements, whether written or oral, regardless of whether the Government intends to make any use of those statements. **Mr. Contreras specifically requests all audio and videotaped copies of his statements and any rough notes taken pertaining to the substance of his statements.**

2. **Arrest Reports, Notes and Dispatch Tapes.** Mr. Contreras also specifically requests the Government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Contreras or any other discoverable material is contained. Such material is discoverable under FED. R. CRIM. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). The Government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Contreras. See FED. R. CRIM. P. 16(a)(1)(B) and (c), FED. R. CRIM. P. 26.2 and 12(i).

3. **Brady Material**. Mr. Contreras requests all documents, statements, agents' reports, and tangible evidence favorable to Mr. Contreras on the issue of guilt and/or which affects the credibility of the Government's witnesses and the Government's case. Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

4. **Any Information That May Result in a Lower Sentence Under The Guidelines.** Notwithstanding the advisory nature of the sentencing guidelines, the Government must produce this information under Brady v. Maryland, 373 U.S. 83 (1963), because it is exculpatory and/or mitigating evidence relevant to a possible future determination with respect to sentencing.

5. **Mr. Contreras's Prior Record.** Mr. Contreras requests disclosure of his prior record. FED. R. CRIM. P. 16(a)(1)(B).

6. **Any Proposed 404(b) Evidence.** Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Sufficient notice requires the government to "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); see also United States v. Brooke, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming Mehrmanesh and reversing convictions).

The defendant requests that such notice be given three weeks before trial to give the defense time to adequately investigate and prepare for trial.

7. **Evidence Seized.** Mr. Contreras requests production of evidence seized as a result of any search, either warrantless or with a warrant. FED. R. CRIM. P. 16(a)(1)(c).

8. **Request for Preservation of Evidence.** Mr. Contreras specifically requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the Government and which relates to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, Mr. Contreras's personal effects, and any evidence seized from Mr. Contreras.

9. **Henthorn Material.**  Mr. Contreras requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case for impeachment material. See Kyles v. Whitley, 514 U.S. 419 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the Government's behalf in the case, including the police"); United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991); United States v. Jennings, 960 F.2d 1488 (9th Cir. 1992) (AUSA may not be ordered to personally conduct examination of records; appropriate Government agency may review files and notify AUSA of contents as long as AUSA makes the determination regarding material to be disclosed); United States v. Herring, 83 F.3d 1120 (9th Cir. 1996) (accord).

10. **Tangible Objects.**  Mr. Contreras requests the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, or copies of portions thereof, which are material to the defense, intended for use in the Government's case-in-chief, or were obtained from or belong to Mr. Contreras.  FED. R. CRIM. P. 16(a)(1)(c). **Specifically, Mr. Contreras requests copies of the audio tapes of his alleged prior deportations or removals.  Mr. Contreras is particularly requesting materials related to his July 9, 1997 deportation.**

11. **Expert Witnesses.**  Mr. Contreras requests the name, qualifications, and a written summary of the testimony of any person that the Government intends to call as an expert witness during its case in chief.  FED. R. CRIM. P. 16(a)(1)(E).  The defense requests the notice of expert testimony be provided at a minimum of two weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the Government's expert and a hearing in advance of trial to determine the admissibility of qualifications of any expert. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings").

12. **Evidence of Bias or Motive to Lie.**  Mr. Contreras requests any evidence that any prospective Government witness is biased or prejudiced against Mr. Contreras, or has a motive to falsify or distort his or her testimony.

1    13. **Impeachment Evidence.**  Mr. Contreras requests any evidence that any prospective Government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to Mr. Contreras.  See FED. R. EVID. 608, 609 and 613; Brady v. Maryland.

14. **Evidence of Criminal Investigation of Any Government Witness.**  Mr. Contreras requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

15. **Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling**.  Mr. Contreras requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic.

16. **Witness Addresses.**  Mr. Contreras requests the name and last known address of each prospective Government witness.  Mr. Contreras also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a Government witness.

17. **Name of Witnesses Favorable to Mr. Contreras.**  Mr. Contreras requests the name of any witness who made an arguably favorable statement concerning Mr. Contreras or who could not identify him or who was unsure of his identity, or participation in the crime charged.

18. **Statements Relevant to the Defense.**  Mr. Contreras requests disclosure of any statement relevant to any possible defense or contention that he might assert in his defense.

19. **Jencks Act Material.**  Mr. Contreras requests production in advance of trial of all material, including dispatch tapes, which the Government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500.  Advance production will avoid the possibility of delay at trial to allow Mr. Contreras to investigate the Jencks material.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963).  In United States v. Boshell, 952 F.2d 1101 (9th

Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

20. **Giglio Information & Agreements Between the Government and Witnesses.** Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Mr. Contreras requests all statements and/or promises, express or implied, made to any witness, in exchange for their testimony in this case, and all other information which could be used for impeachment.

21. **Agreements Between the Government and Witnesses.** Mr. Contreras requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement, promise, or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government witness and the Government (federal, state and/or local).  This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed, and specifically includes any discussion with a potential witness regarding that witness' immigration status and/or any affect that the witness' statements or lack thereof might have on that status, including the granting or revoking of such immigration status or any other immigration status, including but not limited to citizenship, nationality, a green card, border crossing card, parole letter, or permission to remain in the United States.

22. **Informants and Cooperating Witnesses.** Mr. Contreras requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Contreras.  The Government must disclose the informant's identity and location, as well as the existence of any other percipient witness unknown or unknowable to the defense. Roviaro v. United States, 353 U.S. 53, 61-62 (1957).  The Government must disclose any information derived from informants which exculpates or tends to exculpate Mr. Contreras. Brady v. Maryland, 373 U.S. 83 (1963)

23. **Bias by Informants or Cooperating Witnesses.** Mr. Contreras requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972). Such information includes, but is not limited to, any inducements, favors, payments or threats that were made to the witness in order to secure cooperation with the authorities.

24. **Scientific and Other Information.** Mr. Contreras requests the results of any scientific or other tests or examinations conducted by any Government agency or their subcontractors in connection with this case. See Rule 16(a)(1)(D).

25. **Residual Request.** Mr. Contreras intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Contreras requests that the Government provide him and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

## III.

### THIS COURT SHOULD DISMISS THE INDICTMENT FOR ITS FAILURE TO ALLEGE ESSENTIAL ELEMENTS OF THE OFFENSE

The indictment charges Mr. Contreras with being a previously-deported alien found in the United States in violation of 8 U.S.C. § 1326. The indictment fails to allege elements necessary to convict Mr. Contreras of the offense: that Mr. Contreras knew he was in the United States, he failed to undergo inspection and admission by an immigration officer at the nearest inspection point, and that he voluntarily entered the United States. As a consequence, it must be dismissed. See e.g., Nyrienda v. I.N.S., 279 F.3d 620 (8th Cir. 2002) (setting forth the components of an entry under the immigration law); see also United States v. Pernillo-Fuentes, 252 F.3d 1030 (9th Cir. 2001); United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999). However, because these issues were decided against Mr. Contreras in United States v. Rivera-Sillas, 376 F.3d 887 (9th Cir. 2004), they are not briefed herein, but are raised to preserve them for further appeal. (Mr. Contreras would be happy to submit further briefing on these issues to this Court, if so ordered.).

Additionally, Mr. Contreras argues that the indictment must be dismissed because it fails to allege in the indictment, in contravention to United States v. Salazar-Lopez, 506 F.3d 748 (9th Cir. 2007), *both* the dates of a previous felony conviction and of a previous removal from the United States, subsequent to that conviction. The indictment here is insufficient because it only alleges that Mr. Contreras was removed from the United States subsequent to one unassociated date, January 21, 2005. It does not specifically provide the date of a previous removal nor the date of any alleged previous felony conviction. "An indictment's failure to recite an essential element of the charged offense is not a minor or technical flaw

. . . but a fatal flaw." <u>United States v. Du Bo</u>, 186 F.3d 1177, 1179 (9th Cir. 1999). Since the indictment fails to allege all of the necessary elements of the offense, it must be dismissed.

### IV.

### MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Defense counsel has incomplete discovery at this time, and contemplates further motions. **Specifically, after viewing the a-file, Mr. Contreras will be filing a motion attacking the validity of his alleged deportation**. Therefore, counsel requests leave to file additional motions once discovery is completed.

### V.

### CONCLUSION

For the foregoing reasons, Mr. Contreras respectfully requests that the Court grant the above motions.

Respectfully submitted,

Dated: August 11, 2008

*s/ Candis Mitchell*
**CANDIS MITCHELL**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Contreras
Candis_Mitchell@fd.org

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 08CR2260-BEN |
| | ) | |
| | ) | CERTIFICATE OF SERVICE |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **FRANCISCO JAVIER CONTRERAS**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Counsel for Defendant certifies that the foregoing motion, is true and accurate to the best of her information and belief, and that a copy of the foregoing has been electronically served this day upon:

> Paul Cook
> Assistant United States Attorney
> 880 Front Street
> San Diego, CA 92101

and mailed to:

> Francisco Javier Contreras
> Reg. No. 15224-097
> GEO
> 220 W. C St.
> San Diego, CA, 92101

Dated: August 11, 2008

s/ *Candis Mitchell*
**CANDIS MITCHELL**
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467 (tel); (619) 687-2666 (fax)
E-mail:Candis_Mitchell@fd.org